UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LESLIE MERCADO,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CARNEY HOSPITAL,** ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action No. 24-cv-10469-DJC |

**MEMORANDUM & ORDER**

**CASPER, J.**                                                                                          **May 12, 2025**

In the original complaint filed in this action, *pro se* Plaintiff Leslie Mercado ("Mercado") alleged that Carney Hospital ("Carney") used inaccurate information in her medical records, covered up the abuse she experienced in foster care, and performed a harmful medical procedure on her. The Court previously entered an order directing Mercado to file an amended complaint if she wished to proceed with this action. D. 4. The Court found that the original complaint failed to state a claim upon which relief could be granted because it neither gave Carney adequate notice of the claims against it nor contained well-pleaded allegations, which, if true, showed that Carney was liable to Mercado. Id.

Now before the Court is Mercado's amended complaint, in which she brings claims against Carney and the Commonwealth's Department of Children and Families.[1] D. 6. For the reasons stated below, the Court dismisses this action for failure to state a clam upon which relief may be granted.

---

[1] In the caption of the amended complaint, Mercado does not identify DCF as a defendant, but throughout the body of the amended complaint she is treating the agency as a defendant in this action. The Court does so as well for the purpose of addressing the plausibility of her claims.

1

## II. Claims in the Amended Complaint

According to Mercado, this action "addresses the extensive and ongoing abuse and mistreatment suffered by the plaintiff, Leslie Mercado, during her formative years under the supervision and care of [DCF] and Carney Hospital." D. 6 at 1. Mercado "seeks to establish accountability for the systemic failures that led to prolonged neglect and trauma." Id.

The amended complaint is in six counts. Id. at 8-11. Count One is a claim for negligence against Carney for "[f]ail[ing] to provide adequate medical care and intervention despite repeated reports of abuse" from 1994-1999. Id. at 8. Count Two is a claim under 42 U.S.C. § 1983 ("§ 1983") against DCF for "[d]eliberate indifference to Leslie's welfare and safety, failing to protect her from foreseeable harm and provide adequate care" from 1981 to 1999. Id. at 9. Count Three is a claim against DCF for "Fraudulent Practices in Adoption," in which Mercado alleges that DCF "[e]ngaged in fraudulent practices during the adoption process, misrepresenting Leslie's background, medical history, and circumstances of her removal from foster mother Victoria McLaurin" from 1989-1996. Id. Count Four is a claim for "Breach of Trust" against Carney and DCF for "[b]reach[ing] the trust placed in them by Leslie Mercado and her family, failing to uphold their duties of care, protection, and well-being" from 1981-1999, id. at 10, which the Court construes as a claim for breach of fiduciary duty.[2] Count Five is a claim against Carney and DCF for "Fraudulent Misrepresentation and Alteration of Medical Records" for [c]onceal[ing] and falsif[ying] critical information regarding Leslie's background, medical history, and circumstances of removal from foster mother" from 1981-1999. Id. at 10. Count Six is a claim against DCF for

---

[2] "A fiduciary duty exists 'when one reposes faith, confidence, and trust in another's judgment and advice.'" Doe v. Harbor Schs., Inc., 446 Mass. 245, 252 (2006) (quoting Van Brode Grp., Inc. v. Bowditch & Dewey, 36 Mass. App. Ct. 509, 516 (1994)). A fiduciary has a "duty to act for the benefit of the other party to the relation as to matters within the scope of the relation." Id. (quoting 1 A.W. Scott & W.F. Fratcher, Trusts § 2.4 (4th ed.1987)).

"Failure to Address Abuse," by "[f]ail[ing] to take appropriate action to protect Leslie despite extensive records documenting abuse" from 1981-1999. Id. at 11.

In her prayer for relief, Mercado seeks $3 million in compensatory damages, $5 million in punitive damages, and an injunction to require DCF "to implement systemic changes," and "[a]n order requiring DCF to provide unredacted records from 1988 and to rectify any discrepancies in Leslie's records, including unredacted records from 1988." Id. at 12.

### III. Discussion

#### A. Claims Against DCF

Section 1983 allows a litigant to bring suit against any "person" acting under of state law who violated the litigant's federal rights. 42 U.S.C. § 1983. States (including their departments and agencies and state officials acting in their official capacities), however, are not subject to suit under 42 U.S.C. § 1983 in state or federal courts. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). In addition, by virtue of the Eleventh Amendment, a state is immune from suit in a federal court unless the state waives, or Congress abrogates, that immunity. See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014). Here, Mercado does not assert any claims against DCF for which the state has waived, or Congress has abrogated, the Commonwealth's immunity. Thus, Mercado has failed to state a claim against DCF upon which relief may be granted.

#### B. Claims Against Carney

##### 1. Claims for Negligence and Breach of Fiduciary Duty

In count One, Mercado brings a claim against Carney for negligence from 1994-1999. D. 6 at 4-5. In count Four, Mercado seeks to hold Carney liable for breach of fiduciary duty based on events that occurred from 1981-1999. Id. at 6. Even assuming *arguendo*, without deciding, that

3

the amended complaint contains sufficient factual allegations that Carney's negligence injured Mercado and that it breached its fiduciary duty to her, these claims fail because they are time-barred. See Jones v. Bock, 549 U.S. 199, 215 (2007) (stating that if the allegations in a pleading "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Claims for negligence and for breach of fiduciary are subject to the three-year statute of limitations of G.L. c. 260, § 2A. This means that a litigant suing for negligence or breach of fiduciary duty must bring her action within three years of the date the claim accrues. In this context, a claim accrues "when the plaintiff discovers or with reasonable diligence should have discovered that (1) [she] has suffered harm; (2) [her] harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm." Davalos v. Bay Watch, 494 Mass. 548, 552 (2024) (alterations in original) (quoting Magliacane v. Gardner, 484 Mass. 842 (2020)). Under Massachusetts law, the plaintiff "need not know the full extent of the injury before the statute starts to run." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 241 (1st Cir. 2005) (emphasis omitted) (quoting Bowen v. Eli Lilly & Co., 408 Mass. 204, 207 (1990)). If a person is a minor when her claim accrues, the three-year period of limitations under G.L. c. 260, § 2A is tolled until she has reached the age of majority. G.L. c. 260, § 7.[3]

---

[3] In the amended complaint, Mercado alleges that while she was hospitalized at Carney, "a doctor attempted to treat bedwetting by placing incense up her nose" which "was not a medically accepted treatment for bedwetting." D. 6 at 4. To the extent that Mercado seeks to bring a claim against Carney for that occurrence, it also would be time-barred. Subject to exceptions not factually relevant here, the statute of limitations for claims of medical malpractice is three years. See G.L. c. 260, § 4. However, claims for medical malpractice cannot be brought more than seven years after the occurrence of the action giving rise to the claim, regardless of the age of the plaintiff or the date on which the claim accrued. See G.L. c. 260, § 4; Bridgwood v. A.J. Wood Constr., Inc., 480 Mass. 349, 353-54 (2018) (stating that G.L. c. 260, § 7 does not apply to claims of medical malpractice).

Mercado's birth certificate, which she submitted as an exhibit to the amended complaint, indicates that Mercado was born in 1981. D. 6-1 at 1. She reached the age of eighteen in 1999—the last year in which the alleged misconduct giving rise to the claims for negligence and breach of fiduciary occurred.

Mercado commenced this action on February 23, 2024, which means that to be timely filed, her claims could not have accrued any earlier than February 23, 2021—approximately 21 years after the alleged events giving rise to the claims ended. There is nothing in the amended complaint suggesting that, prior to February 23, 2024, Mercado had not discovered (or could not have discovered with reasonable diligence) that Carney had failed to provide her adequate medical care, failed to respond to reports of her abuse, or otherwise failed in its duty to care and protect Mercado. Thus, Counts One and Four of the amended complaint fail to state a claim upon which relief may be granted because they are barred by the statute of limitations.

### 2. Claim for Fraudulent Misrepresentation and Alteration of Medical Records

For present purposes, the Court assumes that Mercado's claim for "Fraudulent Misrepresentation and Alteration of Medical Records" is not barred by the statute of limitations. Documents Mercado included in another case indicate that, as recently as August 2023, she made inquiries about DCF using an "alias" for her. See Mercado v. Dept's of Soc. Servs., C.A. No. 23-11140-PBS, D. 9-3 at 7 (D. Mass.).[4]

In Count Four, Mercado claims that "DCF and associated parties engaged in fraudulent misrepresentation by concealing and falsifying critical information regarding [her] background,

---

[4] When relevant, the Court may take judicial notice of other cases Mercado has filed. See Medtronic Med. CR SRL v. Feliciano-Soto, 59 F.4th 51, 53 n.2 (1st Cir. 2023) (stating that "[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand" (alteration in original) (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir.1990))).

medical history, and the circumstances of her removal from foster mother." D. 6 at 7. Mercado asserts that "[t]hese fraudulent practices have cause irreparable harm to [her] including identity confusion, emotional distress, and continued psychological trauma." Id.

This claim rests of allegations that DCF and Carney did not use Mercado's did not correctly identify her in their records. Mercado also indicates that her "[b]irth name" was Leslie Ann Reis and her "[a]dopted name" was Leslie Ann Carrington, but that incorrect "alias" versions of her name—Leslie Reis Ambrose,[5] Leslie Ambrose Reis, Leslie Reis Carrington, and Leslie A. Carrington—were used in her medical, school, state records, and other documents related to her time in foster care, D. 6 at 2-3, D. 6-1 at 2-9, 12, 13, circumstances she identifies as "[v]arious locations under DCF supervision and Carney Hospital," D. 6 at 7.

With regard to Carney specifically, Mercado points to a page in her medical record in which she is identified as Leslie Ambrose Reis and her next of kin is Vida Carrington. D. 1-6 at 5. She alleges that this document shows that "Carney Hospital and DCF were fully aware of [Mercado]'s legal name both before and after her adoptions," which "underscores the deliberate nature of the discrepancies in [Mercado]'s records, as both institutions had access to her true identity throughout her time in their care." D. 6 at 2.[6]

These allegations are not sufficient to state a claim Carney upon which relief may be granted. To state a claim upon which relief may be granted, a "complaint must contain sufficient

---

[5] According to the birth certificate Mercado included in her exhibits, her mother's name at the time of Mercado's birth was Carmen Virginia Reid Ambrose. D. 6-1 at 1.

[6] With regard to DCF, Mercado claims that the "use of multiple aliases and the change of [her] last name were deliberate actions by DCF to hide her abuse in the system and make it difficult for her biological father, Wayne Reis, to locate and intervene in her care, effectively removing him from her life." D. 6 at 3. Similarly, Mercado alleges that "DCF also had documentation of [her] real name but continued to use various alias names, such as Leslie Reis Ambrose, across different records, further complicating her identification and tracking." Id.

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Allegations that are merely "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice.  Id. (alteration in original) (quoting Twombly, 550 U.S. at 555, 557).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the plaintiff must "nudge[] [her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

Here, Mercado's allegations concerning Carney's alleged fraudulent alternation of medical records is not plausibly alleged.  The Court cannot draw a reasonable inference from these allegations that Carney made a "deliberate attempt to . . . obscure [Mercado]'s true identity" or engaged in "fraudulent misrepresentation by concealing and falsifying critical information" concerning Mercado.  D. 6 at 2, 7.  Mercado has not "nudged [her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

### III. Conclusion

For the foregoing reasons, the Court DISMISSES this action for failure to state a claim upon which relief may be granted.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge